**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**November 14, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

KENT TERRY PRISBREY,

     Plaintiff - Appellant,

v.

STATE AUTO INSURANCE
COMPANIES; MILBANK INSURANCE
COMPANY,

     Defendants - Appellees,

and

DOES A-Z,

     Defendant.

No. 24-4037 & No. 24-4068
(D.C. No. 4:21-CV-00124-DN)
(D. Utah)

_____

## ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

Pro se Plaintiff Kent Terry Prisbrey appeals from the district court's orders

dismissing his claims against Defendants State Auto Insurance Companies and

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Milbank Insurance Company and awarding attorney fees to Defendants. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court.

## I.    BACKGROUND

In May 2020 Plaintiff filed a claim under his homeowner's insurance policy with State Auto Insurance Companies for water damage caused by a broken pipe. The on-site inspector estimated damages of $9,955.41. Plaintiff emailed photos of the damage and a bid for mitigation, not repair, to the State Auto adjuster assigned to his claim. Plaintiff then proceeded with mitigating the damage, removing drywall, and making other repairs. The next month, he emailed State Auto to alert it that he had discovered additional water damage since the inspection. He claimed $154,986.86 in additional damages. State Auto requested receipts for the completed repairs and any prior authorization from State Auto representatives to make those repairs. A dispute then arose about the amount of damages and cost of repairs.

In December 2021 Plaintiff filed a complaint against Defendants in the United States District Court for the District of Utah. But during discovery he refused to allow Defendants to inspect his home to verify his claims of additional damages. The court ordered Plaintiff to cooperate with Defendants in scheduling an inspection of his property. Rather than comply with the order, Plaintiff served numerous pro se subpoenas and filed "Affidavits of Truth" that the court deemed "irrelevant" and "vague." Supp. App'x at 46, 51. Although the court twice more ordered plaintiff to cooperate with Defendants' inspection requests, Plaintiff repeatedly refused to comply. In June 2023 the court ordered Plaintiff to pay $4,779.50 to Defendant in

Page **2**

attorney fees for noncompliance with the inspection orders. It reminded Plaintiff that he chose to initiate this case and therefore had a duty to prosecute it.

In November 2023, after multiple warnings to Plaintiff, the court dismissed his claim with prejudice because he had "failed to prosecute [his] case" and "willfully refused to comply with court Rules and orders, including [the court's] orders regarding the property's inspection." R1. at 112.[1] In February 2024 the district court awarded Defendants additional attorney fees of $7,676.00 incurred because of Plaintiff's failure to comply with orders to permit inspection. In March Plaintiff filed a notice of appeal, which was docketed in this court as No. 24-4037. In April Plaintiff submitted 12,500 Zimbabwean dollars, worth approximately 40 U.S. dollars, to Defendants. Plaintiff claimed that this payment covered the thousands he owed Defendants in court-ordered attorney fees. The court found that Plaintiff's "attempt to satisfy his obligation through tender of Zimbabwean dollars is another example of his repeated flouting of court orders and impeding the just and speedy resolution of this case," and ordered him to pay an additional $462.50 to Defendants to cover the attorney fees "necessitated by Plaintiff's intentional improper tender." R2. at 228. In June Plaintiff filed a second notice of appeal, which was docketed in this court as No. 24-4068.

---

[1] Because the records on appeal are not identical, we will refer to the record on appeal in 24-4037 as R1 and the record on appeal in 24-4068 as R2.

## II.    DISCUSSION

We affirm the judgments below because Plaintiff forfeited his right to review by submitting woefully inadequate briefs.

Because Plaintiff is a pro se litigant, we construe his filings liberally. *See Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013). But "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and internal quotations marks omitted). Although we will often overlook "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements, [we cannot] assume the role of advocate." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

Fed. R. App. P. 28(a) sets forth basic requirements for the contents of an appellant's opening brief, including "a table of contents," "a table of authorities," "a statement of the issues presented for review," "a concise statement . . . setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review," and an argument containing "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." None of these elements appear in Plaintiff's briefs. The briefs are unfocused, disorganized, meandering, and in large part unintelligible. They contain not one citation to the record and the handful of mentions of authoritative sources (in a reply brief styled as

a "jurisdiction challenge") are irrelevant. Further, as Defendants' answering brief accurately states, "this does not even account for the exhausting mental gymnastics required to make sense of [Plaintiff]'s theories—which is sometimes impossible considering the lack of punctuation and analysis." Aplee. Br. at 20–21.

As a result, Plaintiff has utterly failed to perform "[t]he first task of an appellant," which is "to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. Of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). To give just one example, the principal theme of Plaintiff's briefs appears to be that he should not have been compelled to permit an inspection of his home by an agent of Defendants, but he never explains why the accommodations offered by the district court (not to endanger the health of his wife, etc.) were inadequate. It is simply unacceptable to place the burden on opposing counsel and this court to meticulously examine the record and research the law in a search for reversible error. The district court appears to have made extraordinary efforts to be fair to Plaintiff, and this court has gone beyond what duty requires to ascertain whether there is any merit to Plaintiff's dissatisfaction. Plaintiff is entitled to nothing more.

## III. CONCLUSION

We **AFFIRM** the district-court orders.

Entered for the Court

Harris L Hartz
Circuit Judge